NUMBER 13-09-00238-CV



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG


 


ALFREDO ZAMARRIPA, INDIVIDUALLY

AND AS GUARDIAN OF THE PERSON

AND ESTATE OF MARICELA ZAMARRIPA, Appellant,


v.


MARIA DEL REFUGIO REYNOLDS AND

STEVEN C. REYNOLDS, TRUSTEE, Appellees.

 




On appeal from the 389th District Court


of Hidalgo County, Texas.


 




MEMORANDUM OPINION



Before Justices Yañez, Benavides, and Vela


Memorandum Opinion Per Curiam


 Alfredo Zamarripa, individually and as guardian of the person and estate of Maricela
Zamarripa, attempts to appeal a summary judgment rendered against him February 18,
2009. On August 17, 2009, Maria del Refugio Reynolds and Steven C. Reynolds, Trustee
("Reynolds"), appellees, filed an amended motion to dismiss arguing that this court lacked
jurisdiction to hear this case because the trial court's summary judgment was not a final
judgment. On September 24, 2009, we abated the appeal and remanded the case the trial
court for clarification. See Lehmann v. Har-Con Corp., 39 S.W.3d 191, 206 (Tex. 2001);
Tex. R. App. P. 27.2, 44.3, 44.4.

 On October 16, 2009, the trial court held a status hearing and reviewed Reynolds's 
"Third Amended Original Petition in Intervention," the live pleadings at the time of the
granting of the partial summary judgment. The trial court filed with the Court a
supplemental record consisting of a transcript of the status hearing and a "Nunc Pro Tunc
Default Judgment." In the transcript of the hearing, the trial court summarized the claims
which were not disposed of by the partial summary judgment. Our review of the same
petition and the order granting summary judgment lead us to the same conclusion as the
trial court: the summary judgment did not dispose of all of the claims raised in Reynolds's
third amended petition. Because the partial summary judgment did not dispose of all of
Reynolds's claims, it was not a final judgment. See Lehmann, 39 S.W.3d at 195. 

 Appellate courts only have jurisdiction over judgments that are final and such
interlocutory orders as the legislature specifies are appealable. See Tex. Civ. Prac. &
Rem. Code Ann. § 51.012 (Vernon Supp. 2009), § 51.012 (Vernon 2008); Lehmann, 39
S.W.3d at 195. Therefore, we DISMISS the appeal for lack of jurisdiction. See Tex. R.
App. P. 43.2.


 PER CURIAM

 


Delivered and filed the

3rd day of December, 2009.